PAUL AARON WEAKLAND, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weakland v. Commissioner
Docket No. 29795-91
United States Tax Court
T.C. Memo 1993-135; 1993 Tax Ct. Memo LEXIS 148; 65 T.C.M. (CCH) 2279; April 1, 1993, Filed *148 Decision will be entered under Rule 155. Paul Aaron Weakland, Jr., pro se. For respondent: Emily J. Kingston. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for 1988 in the amount of $ 2,097 and an addition to tax under section 6653(a)(1) in the amount of $ 21. Respondent has conceded the addition to tax under section 6653(a)(1). Respondent determined that petitioner in 1988 failed to report unemployment compensation of $ 2,142, additional non-employee compensation of $ 248 and interest income of $ 23 from State Farm Life Insurance and interest income of $ 234 from Pacific Western Bank. Respondent concedes the interest income adjustment of $ 23. The remaining issues are whether the adjustments made by respondent in petitioner's income for 1988 are correct and whether petitioner is liable for the tax on self-employment income under *149 section 1401. Petitioner was a resident of San Jose, California, at the time the petition herein was filed. Respondent contends that petitioner in 1988 received unemployment compensation, non-employee compensation and interest income in the respective amounts of $ 2,142, $ 248, and $ 234 which are includable in petitioner's taxable income. Petitioner does not seriously dispute that he received these amounts of taxable income in 1988, which in any event are duly reflected in the underreporter transcript attached to the notice of deficiency. On this record, we sustain respondent's determination with respect to the above amounts of income. Petitioner's taxable income in 1988 was largely derived from his fishing activities. Respondent determined that, based upon Form 1099 information, such income represented self-employment income subject to the self-employment tax imposed by section 1401(a). Petitioner has the burden of proof. Rule 142(a). The question of whether an individual is self-employed or is an employee is essentially one of fact. Resolution of this factual question turns upon common-law concepts. Packard v. Commissioner, 63 T.C. 621, 629 (1975); *150 see also sec. 31.3401(c)-1(b), Employment Tax Regs. Examination of these concepts indicates that the element of control is of particular importance in determining the relationship in question. Petitioner made no serious effort to show error in respondent's determination. Apart from some observations as to the unlikelihood that he would ever receive benefits under social security and some general testimony, largely conclusory in nature, relating to his various fishing activities, petitioner has failed completely to present any persuasive evidence as to the circumstances surrounding his fishing activities. Thus, absent such evidence, we are unable to make any finding as to the tenor of his employment pursuits. In short, petitioner has failed to meet his requisite burden of proof to show error in respondent's determination. On this record, therefore, respondent must be sustained. Finally, petitioner directs an argument against the imposition of interest due on his tax deficiency. This Court, as a general rule, does not have jurisdiction over questions concerning interest. LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975). There exist certain *151 narrowly defined exceptions, but none of them apply to this case. See, e.g., sec. 7481(c). Petitioner's argument is without merit. Decision will be entered under Rule 155.